**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 19-20552

PAUL EDWARD WALKER,

        Defendant.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

After serving 150 months in prison for bank robbery, Defendant Paul Walker was released in January 2019 to begin a term of supervised release. However, in October 2019, Defendant was charged with nine sperate violations of the terms of his supervised release, including violations for retail fraud, association with a felon, possession of drug paraphernalia, testing positive for cocaine, absconding from transitional housing, failing to participate in mental health and substance abuse treatment, failing to pay restitution, and failing to maintain a regular place of employment. (ECF No. 4, PageID.19–22.) He admitted to each violation and was sentenced to 16 months imprisonment. (ECF No. 13.)

Defendant is presently incarcerated at F.C.I. Milan. Pending before the court is Defendant's motion for compassionate release under 18 U.S.C. § 3582 in which he argues that his age and high blood pressure make him particularly vulnerable to contracting the coronavirus ("COVID-19"). Defendant filed the instant motion on May 15, 2020, but did not submit a request for compassionate release to the Warden of his

facility until May 27, 2020. (ECF No.15-2, PageID.94.) The Warden denied his request on June 11, 2020. (*Id.* at PageID.95.) It is not clear whether Defendant appealed this denial, but in any event, the Government responds that Defendant's motion should be denied based on his failure to exhaust his administrative remedies before filing. For the reasons explained below, the court will deny without prejudice Defendant's motion both based on his failure to exhaust and also on the merits.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances and fit within one of the four categories described in § 1B.13 of the Sentencing Guidelines, and the court must determine both that the sentencing factors outlined in § 3553(a) weigh in favor of release and that the defendant does not pose a threat to others as determined by § 3142(g). *See* 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in 2018, a defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant filed the instant motion prior to filing his administrative request for early release. Additionally, it does not appear that Defendant has fully exhausted the appellate administrative review process for his request. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either complete *all* administrative appeals before filing with this court or wait thirty days; Defendant has apparently done neither and, therefore, the court must deny his motion. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480,

3

2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."); *Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (explaining that courts lack the discretion to waive "a congressionally established exhaustion imperative, not a judicially created one.").

In light of the plain language of the statute, the Sixth Circuit has held that unexhausted motions under § 3582(c)(1)(A) must be dismissed without prejudice. *See United States v. Alam*, ___ F.3d ____, No. 20-1298, 2020 WL 2845694, at *1 (6th Cir. June 2, 2020). In *United States v. Alam*, the prisoner had not exhausted administrative appeals and waited only ten days after submitting his request to the warden before moving for compassionate release. *Id.* The district court dismissed without prejudice the prisoner's claims for failure to exhaust. *Id.* The Sixth Circuit affirmed the district court, reasoning that § 3582(c)(1)(A) included a "mandatory claim-processing rule[]" that "must be enforced." *Id.* at *3 (quoting *Hamer v. Neighborhood Hous. Servs. Of Chi.*, 138 S. Ct. 13, 17 (2017)). The Sixth Circuit added that § 3582(c)(1)(A)'s exhaustion requirement was in place for good reason. *Id.* at *4. "It ensures that the prison administrators can prioritize the most urgent claims . . . [and] that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* Consistent with this directive, the court will deny Defendant's motion without prejudice because Defendant filed his motion before fully exhausting his administrative remedies.

Notwithstanding his failure to exhaust, the court will also deny Defendant's motion on the merits. Defendant argues that his age—54 years—and preexisting

4

medical issues—high blood pressure and mental health problems—make him vulnerable to contracting COVID-19. (ECF No. 14, PageID.82.). However, speculation as to whether Defendant will contract COVID-19 and whether he will develop serious complications does not justify the extreme remedy of compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Moreover, the BOP has instituted strict precautions throughout the federal prison system, including shelter-in-place protocols, screening and quarantining all newly arriving detainees, and isolating until medically cleared all symptomatic detainees.[1] Defendant's current medical conditions are not fatal nor does he allege that they are unmanageable at his current facility. Defendant's general risk of contracting COVID-19 do not present "extraordinary and compelling reasons" justifying early release. 18 U.S.C. § 3582(c)(1)(A).

Finally, the court concludes that factors enumerated under 18 U.S.C. § 3553(a) do not support Defendant's early release. The court specifically considers the need for Defendant's sentence to reflect the seriousness of his offense, provide punishment, and promote general and specific deterrence. *See* 18 U.S.C. § 3553(a). The need to promote specific deference is particularly relevant in this case given that Defendant is currently incarcerated for committing *nine* violations of the terms of his supervised release mere months after his release from prison. (ECF No. 13.) Given Defendant's

---

[1] *COVID-19 Action Plan: Phase Five*, Fed. Bureau of Prisons (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp.

5

demonstrated failure to comply with the terms of his release, the court has little reason to believe Defendant would abide by any of the conditions imposed for early release.

In denying the instant motion, the court makes no findings as to the suitability of home confinement. The court leaves such a determination to the sound discretion of the BOP which is better suited in this case and at this juncture to make such a decision. Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 14) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\19-20552.WALKER.CompasionateReleaseCovid.HEK .docx